# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. MJ 10-202 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | DETENTION ORDER |
| ROBERT CALVIN HENRY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

<u>Offense charged</u>:    Possession of Cocaine Base with Intent to Distribute

<u>Date of Detention Hearing</u>:    May 10, 2010

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

1.    Defendant has been charged with a drug offense the maximum penalty of which is in excess of ten years. There is therefore a rebuttable presumption against defendant as to both

dangerousness and flight risk, under 18 U.S.C. §3142(e).

2. Defendant has a lengthy criminal record which includes a conviction for attempting to elude a pursuing police vehicle. The AUSA proffers that during the incident, the defendants hit a police vehicle, causing career-ending injuries to the officer. When the two defendant were arrested in the instant case, a search of the vehicle allegedly yielded over $28,000 in cash, in addition to the crack cocaine allegedly found on the co-defendant. The AUSA proffers the results of a seizure of the defendant's bank account, producing over $200,000 in cash and $100,000 in jewelry. Apparently the defendant may not be able to return to his current address because of the pending charges.

3. The defendant poses a risk of nonappearance due to the lack of verification of some of the background information, allegations of controlled substance use, lack of residence, association with an alias date of birth, a conviction for attempt to elude and alleged elusive behavior in the instant case, and potential access to large sums of cash. The defendant poses a risk of danger based on controlled substance use, criminal history, and the nature of the instant offense.

4. Taken as a whole, the record does not effectively rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody

pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 10th day of May, 2010.

Mary Alice Theiler
United States Magistrate Judge